2010 WY 13

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Jose Delaluz BUSTOS, WSB Attorney No. 6–3581, Respondent.**

**No. D–10–0001.**

Supreme Court of Wyoming.

Feb. 10, 2010.

## ORDER OF PUBLIC CENSURE

[¶ 1] **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein January 26, 2010, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline). The Court, after a careful review of the

---

Board of Professional Responsibility's Report and Recommendation, the respondent's "Section 16 Affidavit," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Jose Delaluz Bustos should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

[¶ 2] **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein (without attachments), shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that Mr. Bustos shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

[¶ 4] **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Bustos shall reimburse the Wyoming State Bar the amount of $25.00, representing some of the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Bustos shall pay the total amount of $525.00 to the Clerk of the Board of Professional Responsibility on or before March 30, 2010; and it is further

[¶ 5] **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6] **ORDERED** that, pursuant to Section 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Jose Delaluz Bustos; and it is further

[¶ 8] **ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and to the clerks of the appropriate courts of the State of Wyoming.

**BY THE COURT:**
/s/ Barton R. Voigt
    BARTON R. VOIGT
    Chief Justice

ATTACHMENT

D–10–0001

**BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY**

**WYOMING STATE BAR**

**STATE OF WYOMING**

In the matter of

JOSE DELALUZ BUSTOS,

WSB Attorney No. 6–3581

Respondent.

Docket No. 2009–143.

IN THE SUPREME COURT

STATE OF WYOMING

FILED JAN. 26, 2010

JUDY PACHECO, CLERK

**REPORT AND RECOMMENDATION FOR PUBLIC CENSURE**

The Board of Professional Responsibility makes the following report and recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

*FINDINGS OF FACT*

1. Respondent, Jose Delaluz Bustos, is currently an active member of the Wyoming State Bar and has been since 2002. He resides in Cheyenne, Wyoming.

2. In early 2009, Respondent represented Paulino Sanchez–Chaparro in re-

gard to an appeal in the 10th Circuit Court of Appeals.

3. On or about 21 August 2009, Respondent received an Order to show case regarding his failure to file an appellate brief in a timely fashion. A true and correct copy of that Order is attached hereto as Exhibit A. Respondent agrees that the facts stated in that Order are accurate.

4. Respondent did nothing in response to that Order.

5. On or about 13 November 2009, Respondent received an Order from the 10th Circuit Court of Appeals which indefinitely suspended him from the practice of law before that court. A true and correct copy of that Order is attached hereto as Exhibit B.

6. On 30 December 2009, Respondent wrote a letter to Bar Counsel which attempted to explain, but not excuse, his conduct in the Chaparro matter. A true and correct copy of that letter is attached as Exhibit C.

7. Respondent's failure to file the necessary briefs on behalf of his client was a violation of Rule 1.1 of the Wyoming Rules of Professional Conduct.

8. Respondent's failure to respond to the 21 August 2009 Order from the 10th Circuit was a violation of Rule 3.4(c) of the Wyoming Rules of Professional Conduct.

### CONCLUSIONS OF LAW

9. Standard 4.43 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violation of Rule 1.1: "Reprimand [or public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

10. Standard 6.23 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violation of Rule 3.4(c): "Reprimand [or public censure] is generally appropriate when a lawyer is negligent lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

11. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to he imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

a. Applicable aggravating factors in this case are:

i. Section 9.22(i)——substantial experience in the practice of law.

b. Applicable mitigating factors are:

i. Section 9.32(a)——absence of a prior disciplinary record;

ii. Section 9.32(c)——personal or emotional problems;

iii. Section 9.32(e)——full and free disclosure to disciplinary board or cooperative attitude toward proceedings; and

iv. Section 9.32(k)——imposition of other penalties or sanctions.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

12. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct, the Board recommends that Respondent receive a public censure which states as follows:

"Cheyenne Attorney Jose Delaluz Bustos received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Bustos was indefinitely suspended from the practice of law before

the 10th Circuit Court of Appeals in November 2009 for failing to respond to that Court's disciplinary show cause order filed as a result of his failing to file a brief on behalf of his client.

The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. Mr. Bustos violated Rule 1.1 which requires an attorney to provide competent legal services to a client. He also violated Rule 3.4(c) which requires that a lawyer comply with obligations owed to a court.

The sanction was mitigated since Mr. Bustos had no prior disciplinary record and was having personal problems at the time.

Mr. Bustos stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation. recommending that the Wyoming Supreme Court publicly censure Mr. Bustos. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Bustos and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

13. The Board further recommends that Respondent be required to reimburse the Wyoming State Bar for the costs of handling this matter in the amount of $25.00 and pay the administrative fee of $500.00 no later than 30 March 2010.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended January 26, 2010.

/S/ Francis E. Stevens
    Francis E. Stevens, *Chair*
      for the
Board of Professional Responsibility
    Wyoming State Bar

ATTACHMENT

### *CERTIFICATE OF SERVICE*

I do hereby certify that a true and correct copy of the above **Report and Recommendation For Public Censure** was mailed by United States Mail, postage prepaid, on 26 January 2010 to the following:

Jose DeLaluz Bustos

Attorney at Law

400 East 20th Street

Cheyenne, WY 82001

and a hand delivered copy to:

Rebecca A. Lewis, Bar Counsel

Wyoming State Bar

P.O. Box 109

Cheyenne, WY 82003

/s/ Patricia F. Becklinger
    Patricia F. Becklinger, BPR Clerk